CHARLOTTE LANGHAAR AND MONTCLAIR TRUST COMPANY, EXECUTORS OF THE LAST WILL AND TESTAMENT OF HENRY C. LANGHAAR, DECEASED, PROSECUTORS, v. STATE TAX COMMISSIONER ET AL., RESPONDENTS.

Argued January 23, 1941—Decided April 7, 1941.

Before Justices BODINE and PORTER.

For the prosecutor, *John A. Bennett.*

For the respondents, *David T. Wilentz,* attorney-general (*William A. Moore,* of counsel).

PER CURIAM.

The writ of *certiorari* brings before us for review the decree of the Prerogative Court affirming a transfer inheritance tax assessment in the estate of Henry C. Langhaar, deceased, in so far as it includes a tax assessed against the remaindermen of the trust fund established under the second clause of the codicil to the will. By that clause a trust fund of $100,000 is created from which is to be paid to the wife of the testator $4,000 each year for life and upon her death the balance of the principal and any accumulations thereof to go into the residue. By the eleventh clause of the will the residuary estate is divided equally among six named nieces and nephews of the testator.

It was argued below and is argued here that these estates in remainder while vested are of a defeasible nature and are not subject to tax at this time under section two of the Inheritance Tax statute (now *N. J. S. A.* 54:36-1) but come under the provisions of section three of the statute (*N. J. S. A.* 54:36-3) and therefore are not taxable until the remaindermen come into the beneficial enjoyment thereof upon the termination of the life estate. The said section two of the statute provides, in effect, that estates devised, &c., for life or for a term of years "and a vested interest in the remainder" shall be in whole immediately appraised and the tax on the estate and remainder shall be immediately due and payable.

The said section three provides that where an estate in expectancy which is contingent or defeasible is created the tax thereon shall not be levied or assessed until the beneficiary comes into the "enjoyment, seizin or possession thereof."

It is true, as pointed out by appellant, that there is no way of knowing now whether this trust fund will produce a sufficient income during its term to pay the $4,000 annually to the life beneficiary or to what extent, if any, the fund may be reduced by payments from the principal in carrying out the purpose of the trust, nor what charges there may be against it for administration expenses and fees. However, those considerations are not to be considered in determining whether or not these remainder interests are vested, contingent or defeasible within the meaning of the statute.

The possession and enjoyment of the remainder estate by the nieces and nephews of the testator is not contingent nor defeasible but is merely postponed or deferred until the termination of the life estate. This future or remainder estate became vested in the residuary legatees upon the death of the testator and is presently taxable as such under the second section of the statute *supra*.

Vice-Ordinary Buchanan so concluded for the reasons and under the authorities set forth in his opinion reported in 125 *N. J. Eq.* 374. We are in accord and affirm for the reasons therein expressed.